Unanimous opinion of the court, by
Hornblower, C. J.
When the cause was called on in the Common Pleas, the counsel for the appellee moved to dismiss the appeal for the want of a sufficient bond, its validity as an appeal bond under the decisions of this court, having been destroyed by the endorsement thereon of the appeal affidavit. The appellant yielding to the objection, immediately substituted a new bond. The counsel for the appellee, then moved to dismiss the appeal for want of a sufficient affidavit, and the court being of opinion, thát the objection was well taken, dismissed the appeal.
It is not surprising that the Common Pleas came to that result, under the influence of language held by this court in some of its decisions on this subject: and if a reversal of their judgment in this instance, would do injustice and conclude the rights of the parties, I should be reluctant to interfere with it. But as the effect of a mandamus will be to restore the appeal and afford each party a fair opportunity of being heard on the merits of the cause, I am willing to embrace this opportunity of retracing our steps, and placing this matter about appeal affidavits on grounds *491 more consistent with law and the substantial administration of justice, than has hitherto prevailed. I do not mean to retract what has been heretofore said about the impropriety and illegality of writing the affidavit on the back of the bond : or the bond and affidavit both on one piece of paper so that they cannot be separated, without mutilating the one or the other or both. They are distinct documents and to have different destinations: one is to give the justice a right to grant the appeal and the court of Common Pleas, jurisdiction of the cause; and is properly a file of the court. Upon Certiorari the affidavit is to be sent up here; and upon a writ of Error to this court, it is to be returned with the writ to the court of Appeals. The bond, on the other hand, is for the security of the appellee, and may have passed into his hands by order of the Common Pleas, before any Certiorari has been sued out. But I do not mean to say, that a strictness and technicality in respect to the affidavit, has been sanctioned by this court, which to my mind is at war with the spirit of the statute, and the fair and full administration of justice. And I am happy that in the case of Hamilton v. Pidcock, decided at this very term, we have with entire unanimity, removed one of the technicalities, with which this matter has been embarrassed.
In the case now before ns, the affidavit indorsed on the original bond, is as follows : “ State of Yew Jersey: Hunterdon county ss. personally appeared before me Enoch Abel, a Justice of the Peace in and for said county, Stephen Yard, who being duly sworn, on his oath saith, that the said appeal is not intended &o.” pursuing in the rest of the affidavit, the words of the statute.
It is objected, that it does not appear, either upon the face of this affidavit, nor by anything therein referred to, what appeal was intended : nor in what action, nor between what parties, the affidavit had been made. And the cases of Dunham v. Rappelyea, 1 Harr. R. 75; and Dilkes v. Browning et al. 3 Green 471, are relied upon as sustaining this objection.
As to the former case, (1 Harr. B. 75,) I see nothing in it to regret, and nothing to sustain the objection to the affidavit in this case. It was entitled in a wrong action, and upon the very face of it, was not an affidavit in the cause before the court. But in the case in 3 Green, 471, we did not repudiate the bond, but *492 went upon the ground that it remained in force; and held the affirmation to be insufficient, because it could not be ascertained in what cause it had been made, or to what appeal it had reference, without reading it in connection with the bond, with which it should be considered as having no connection, the two instruments being distinct in their nature, and to be used for entirely different purposes. It is true, therefore, that as well in the ease of Dilkes v. Browning, and in Dunham v. Rappellyea, we maintained the principle that it must appear either by the caption of the affidavit, if there be one, or upon the face of the affidavit itself, that it is an affidavit in the proper cause ; and the counsel, in support of the motion in this case, seeks to sustain himself in consistency with that rule, by referring us to what is written on the opposite side of the paper, which, he says, has ceased to be an existing bond, as in Dilkes v. Browning, and may now be taken as part and parcel of the affidavit itself. But if we cannot decide for him on broader and more substantial grounds than this, we must decide against him. It would be sufficient to say, that the affidavit in this case does not make the slightest reference to any thing written on the opposite side of the paper, and it must therefore be considered as if it had originally been written on a separate and blank piece of paper. No one can tell, upon reading this affidavit, which had been written first, the affidavit or the bond. But I am disposed, for the advancement of justice, to take broader ground, because I believe the law will sustain us in doing so ; and if we have cramped ourselves with technicalities, under the influence of former decisions on this subject, and thereby wove a net of form, in the meshes of which litigious parties are ever seeking to catch their adversaries; the sooner we demolish it the better. None of those decisions have been of such consideration and long standing as to be entitled to the sanctity which would protect them under the maxim stare decisis. The whole objeet of the legislature, in requiring an affidavit, was, so far as an appeal to men’s consciences would do so, to prevent angry and vexatious litigation, and a multiplication of appeals for the mere purposes of delay. What, then, have the common pleas to do, before they entertain an appeal, except to be satisfied that the appellant has made, in substance, such an affidavit in that cause, as the statute requires. Now, when the justice (who *493 cannot grant the appeal until such affidavit is filed with him,) has granted an appeal, and has entered upon his docket that the party has filed with him an affidavit, and then sends up to the court, with his transcript, an affidavit made by the appellant himself, (and especially when made before the same justice, as was the case here,) I think the court ought to receive it, and be judicially satisfied that it is an affidavit in that case, unless, as in the case of Dunham, v. Rappellyea, it appears, upon the very face of it, to be an affidavit, made between other parties, or, in a different cause between the same parties, or unless the contrary is shown to be the fact, they ought not to reject the affidavit and dismiss the appeal, because the affidavit does not show upon the face of it, who were the parties in the cause below, by whom it was brought, in what action, and when, and for how much debt, or damages and costs the judgment was rendered. The only question ought to be, whether the affidavit is substantially such as the statute requires. Take the case before us : suppose there was no writing on the back of this affidavit, can any one doubt whether it is an affidavit in this cause? It was made by the appellant. He filed it with the justice, to entitle himself to an appeal in this very case ; the justice received it as an affidavit in the cause, granted the appeal, sent it to the Court of Common Pleas, and the appellant went there to prosecute his appeal upon it. Nor would there, in my opinion, be any difficulty in assigning perjury upon it, if untrue. By proper averments in an indictment, it could be shown to be an affidavit made in this cause. I have extended these remarks further than the nature of the subject would seem to require : but the repeated applications to the court for writs of mandamus, to restore appeals, dismissed on the ground of technical objections to affidavits, seemed to require of us a deliberate review of the subject, and call for a decision that should, if possible, put an end to much of this sort of litigation. The result is, that if the justice certifies on his docket that an affidavit has been filed with him, sends up with his transcript and the appeal bond, an affidavit made by the appellant, before him or any other justice, stating, in substance, what the statute requires, it is sufficient evidence to the court that the affidavit, thus sent up, was made in that cause; and it is not necessary the affidavit should be entitled in the cause, or even show upon its *494 face who are the appellees, or the style of the action, unless it appears by its caption, or on the face of it, to have been made in a different cause, or is otherwise shown to have been so made, it ought to be received and acted on. And consequently, in this case, a mandamus ought to go.

Mandamus ordered.